UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

STEVEN "STEPHANIE" WILLIAMS,  )
PLAINTIFF,                     )
                               )   CIVIL ACTION
       v.                      )   No. 16-3268
                               )
CARROLL'S, LLC,                )
DEFENDANT.                     )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. Plaintiff demands a jury trial.

### I.   PARTIES

2. Plaintiff is STEVEN "STEPHANIE" WILLIAMS.

3. Plaintiff's address is street address is 931 SW Robin Circle; Blue Springs, MO 64015.

4. The Defendant is CARROLL'S, LLC, whose street address is 801 Adlai Stevenson Drive; Springfield, IL 62703

5. The alleged discrimination occurred at 510 W. Jefferson St.; Springfield, IL 62702.

6. The Plaintiff was employed but is no longer employed by the Defendant.

7. The Defendant discriminated against the Plaintiff beginning on or about September 9, 2015.

### II.   JURISDICTION

8. Jurisdiction over this claim is based on 28 U.S.C §1331. Plaintiff alleges that the Defendant discriminated against Plaintiff because of Plaintiff's: Color (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e) and Sex/Gender (Equal Pay Act, 29 U.S.C. § 206).

9. Plaintiff has filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of discrimination. A copy of this charge is attached as Exhibit A.

10. Plaintiff has filed two charges before the Illinois Department of Human Rights (IDHR) relating

to this claim employment discrimination. Copies of these charges have been attached as Exhibits B and C.

11. Petitioner received a Right to Sue Notice on or about June 27, 2016. A copy of this Right to Sue is attached as Exhibit D.

### III. FACTS IN SUPPORT OF CLAIM

12. Plaintiff's race is black, and Plaintiff is transgender.

13. Plaintiff was employed by Defendant as a Cook, and performed the duties of Cook according to Defendant's expectations.

14. On September 2, 2015, Plaintiff filed Complaint Number 2016SF0366 against Defendant with the Illinois Department of Human Rights.

15. On September 9, 2015, Defendant's Shift Manager April Howlett gave Plaintiff written discipline for being tardy.

16. Non-black and non-trans employees who were also tardy, including but not limited to Sherman Hayes, were not similarly disciplined.

17. The written discipline followed Plaintiff's participation in a protected activity, namely filing the above noted complaint, within such a period of time as to raise an inference of retaliatory motivation.

18. On September 10, 2015, Defendant's Shift Manager April Howlett again gave Plaintiff written discipline for being tardy.

19. Non-black and non-trans employees who were also tardy, including but not limited to Sherman Hayes, were not similarly disciplined.

20. The written discipline followed Plaintiff's participation in a protected activity, namely filing the above noted complaint, within such a period of time as to raise an inference of retaliatory motivation.

21. On September 11, 2015, Defendant subjected Plaintiff to constructive discharge through repeated discipline and reduction in hours.

22. Non-black and non-trans employees who were similarly situated, including but not limited to Sherman Hayes, were not similarly subject to constructive discharge.

23. The constructive discharge followed Plaintiff's participation in a protected activity, namely filing the above noted complaint, within such a period of time as to raise an inference of retaliatory motivation.

24. As such, Defendant intentionally discriminated against Plaintiff:
    a. by terminating the Plaintiff's employment;
    b. by failing to stop harassment; and
    c. with respect to compensation, terms, conditions, or privileges of employment.

25. THEREFORE, The Plaintiff asks that the court grant the following relief to the Plaintiff
    a. If available, grant the Plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees;
    b. Grant such other relief as the Court may find appropriate.

BY: _____   Date: 9/26/16
Craig W. Colbrook, Attorney
(ARDC No.: 6299317)
741 South Grand Avenue West
Springfield, IL 62704
(217) 522-6000

EEOC FORM 131-A (5/01)    U.S. Equal Employment Opportunity Commission

STEVEN WILLIAMS

Versus

BURGER KING CORPORATION

**PERSON FILING CHARGE**

STEVEN WILLIAMS

THIS PERSON (check one or both)
- [X] Claims To Be Aggrieved
- [ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.: 21BA52226

FEPA CHARGE NO.: 2016SF0366

**NOTICE OF CHARGE DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
(See the enclosed for additional information)

THIS IS A NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

- [X] Title VII of the Civil Rights Act
- [ ] The Americans with Disabilities Act
- [ ] The Age Discrimination in Employment Act
- [ ] The Equal Pay Act

HAS BEEN RECEIVED BY

- [ ] The EEOC and sent for initial processing to _____ (FEP AGENCY)
- [X] The Illinois Department of Human Rights (FEP Agency) and sent to EEOC for filing purposes.

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

- [ ] RACE
- [ ] COLOR
- [X] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [ ] AGE
- [ ] DISABILITY
- [X] RETALIATION
- [X] OTHER

See enclosed copy of charge of discrimination

| Date | Name/Title of Authorized Official | Signature |
|---|---|---|
| August 28, 2015 | Julianne Bowman, District Director | Julianne Bowman |



EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. # 16W0928.13 | ☒ IDHR<br>☐ EEOC | 2016SF0646 |

RECEIVED SEP 29 2015 Dept. of Human Rights Springfield

**Illinois Department of Human Rights and EEOC**

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) |
|---|---|
| Steven Williams | 573-999-2982 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 124 N. Parker Avenue | Springfield, Illinois 62702 | M  D  Y |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Burger King Corporation | | 217-528-2655 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 510 W. Jefferson Street | Springfield, Illinois 62702 | Sangamon |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL) |
|---|---|
| RACE, SEXUAL ORIENTATION, RETALIATION | 09/11/2015<br>☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.   A.   ISSUE/BASIS
         WRITTEN DISCIPLINE ON SEPTEMBER 9, 2015 BASED ON RACE, BLACK.

     B.   PRIMA FACIE ALLEGATIONS
          1.   My race is black.
          2.   On September 9, 2015, April Howlett, Shift Manager, gave me written discipline for the stated reason of being tardy.
          3.   Respondent did not discipline Sherman Hayes for similar violations.
          4.   Similarly situated non-black employees were not given written discipline under similar circumstances.

Page 1 of 4
rys

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br>THIS _____ DAY OF September, 2015<br>x _____<br>NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL<br>Linda A Shedlebower<br>Notary Public, State Of Illinois<br>My Commissions Expires 9/29/2019<br><br>NOTARY STAMP | x _____<br>SIGNATURE OF COMPLAINANT    DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

EXHIBIT B

EEO-5 FORM (Rev. 11/09-INT)

Charge Number: 2016SF0646
Control Number: 16W0928.13
Complainant:     WILLIAMS
Page 2 of 4

II.  A.  ISSUE/BASIS
         WRITTEN DISCIPLINE ON SEPTEMBER 9, 2015 BASED ON SEXUAL ORIENTATION, TRANSGENDER.

     B.  PRIMA FACIE ALLEGATIONS
         1. My sexual orientation is transgender.
         2. On September 9, 2015, April Howlett, Shift Manager, gave me written discipline for the stated reason of being tardy.
         3. Respondent did not discipline Sherman Hayes for similar violations.
         4. Similarly situated non-transgender employees were not given written discipline under similar circumstances.

III. A.  ISSUE/BASIS
         WRITTEN DISCIPLINE ON SEPTEMBER 9, 2015 BASED ON RETALIATION.

     B.  PRIMA FACIE ALLEGATIONS
         1. I previously filed charge #2016SF0366 against Respondent.
         2. On September 9, 2015, April Howlett, Shift Manager, gave me written discipline for the stated reason of being tardy.
         3. Respondent did not discipline Sherman Hayes for similar violations.
         4. The written discipline followed my participation in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

IV.  A.  ISSUE/BASIS
         WRITTEN DISCIPLINE ON SEPTEMBER 10, 2015 BASED ON RACE, BLACK.

     B.  PRIMA FACIE ALLEGATIONS
         1. My race is black.
         2. On September 10, 2015, April Howlett, Shift Manager, gave me written discipline for the stated reason of being tardy.
         3. Respondent did not discipline Sherman Hayes for similar violations.
         4. Similarly situated non-black employees were not given written discipline under similar circumstances.

V.   A.  ISSUE/BASIS
         WRITTEN DISCIPLINE ON SEPTEMBER 10, 2015 BASED ON SEXUAL ORIENTATION, TRANSGENDER.

     B.  PRIMA FACIE ALLEGATIONS
         1. My sexual orientation is transgender.
         2. On September 10, 2015, April Howlett, Shift Manager, gave me written discipline for the stated reason of being tardy.
         3. Respondent did not discipline Sherman Hayes for similar violations.
         4. Similarly situated non-transgender employees were not given written discipline under similar circumstances.

Charge Number: 2016SF0646
Control Number: 16W0928.13
Complainant:    WILLIAMS
Page 3 of 4

VI.    A.    ISSUE/BASIS
WRITTEN DISCIPLINE ON SEPTEMBER 10, 2015 BASED ON RETALIATION.

     B.    PRIMA FACIE ALLEGATIONS
1. I previously filed charge #2016SF0366 against Respondent.
2. On September 10, 2015, April Howlett, Shift Manager, gave me written discipline for the stated reason of being tardy.
3. Respondent did not discipline Sherman Hayes for similar violations.
4. The written discipline followed my participation in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

VII.    A.    ISSUE/BASIS
CONSTRUCTIVE DISCHARGE ON SEPTEMBER 11, 2015 BASED ON RACE, BLACK.

     B.    PRIMA FACIE ALLEGATIONS
1. My race is black.
2. I performed the duties of Cook according to Respondent's expectations.
3. On September 11, 2015, Respondent subjected me to constructive discharge when I was repeatedly disciplined and my hours were reduced.
4. Respondent did not discipline or reduce the hours of Sherman Hayes.
5. Similarly situated non-black employees were not subjected to constructive discharge under similar circumstances.

VIII.    A.    ISSUE/BASIS
CONSTRUCTIVE DISCHARGE ON SEPTEMBER 11, 2015 BASED ON SEXUAL ORIENTATION, TRANSGENDER.

     B.    PRIMA FACIE ALLEGATIONS
1. My sexual orientation is transgender.
2. I performed the duties of Cook according to Respondent's expectations.
3. On September 11, 2015, Respondent subjected me to constructive discharge when I was repeatedly disciplined and my hours were reduced.
4. Respondent did not discipline or reduce the hours of Sherman Hayes.
5. Similarly situated non-transgender employees were not subjected to constructive discharge under similar circumstances.

IX.    A.    ISSUE/BASIS
CONSTRUCTIVE DISCHARGE ON SEPTEMBER 11, 2015 BASED ON RETALIATION.

     B.    PRIMA FACIE ALLEGATIONS
1. I previously filed charge #2016SF0366 against Respondent.
2. I performed the duties of Cook according to Respondent's expectations.

Charge Number: 2016SF0646  
Control Number: 16W0928.13  
Complainant:   WILLIAMS  
Page 4 of 4

3. On September 11, 2015, Respondent subjected me to constructive discharge when I was repeatedly disciplined and my hours were reduced.
4. Respondent did not discipline or reduce the hours of Sherman Hayes.
5. The constructive discharge followed my participation in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

# 16W0729.07

**AGENCY**
☒ IDHR
☐ EEOC

**CHARGE NUMBER**
2016SF0366

## Illinois Department of Human Rights and EEOC

| | | |
|---|---|---|
| **NAME OF COMPLAINANT** (indicate Mr. Ms. Mrs.)<br>Steven Williams | **TELEPHONE NUMBER** (include area code)<br>573-999-2982 | |
| **STREET ADDRESS**<br>124 N. Parker Avenue | **CITY, STATE AND ZIP CODE**<br>Springfield, Illinois 62702 | **DATE OF BIRTH**<br>/ /<br>M  D  Y |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| | | |
|---|---|---|
| **NAME OF RESPONDENT**<br>Burger King Corporation | **NUMBER OF EMPLOYEES, MEMBERS 15+** | **TELEPHONE NUMBER** (include area code)<br>217-528-2655 |
| **STREET ADDRESS**<br>510 W. Jefferson Street | **CITY, STATE AND ZIP CODE**<br>Springfield, Illinois 62702 | **COUNTY**<br>Sangamon |

**CAUSE OF DISCRIMINATION BASED ON:**
RACE, SEX, SEXUAL ORIENTATION

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA)  LATEST (ALL)
08/25/2015
☐ CONTINUING ACTION

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. **ISSUE/BASIS**
HARASSMENT ON JULY 20, 2015 BASED ON SEXUAL ORIENTATION, TRANSGENDER.

B. **PRIMA FACIE ALLEGATIONS**
1. My sexual orientation is transgender.
2. On July 20, 2015, Don Flynn, Assistant Manager, harassed me when stated he would not work with a "he/she".
3. The conduct created a hostile, intimidating, and offensive work environment that substantially interfered with my ability to perform the job.
4. Similarly situated non-transgender employees were not harassed under similar circumstances.

Page 1 of 3
rys

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 26th DAY OF August, 2015

x _Krista G. Sherrock_
NOTARY SIGNATURE

x _[signature]_  08-26-15
SIGNATURE OF COMPLAINANT   DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

OFFICIAL SEAL
KRISTA G. SHERROCK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06-06-2017

NOTARY STAMP

EXHIBIT C

EEO-5 FORM (Rev. 11/09-INT)

Charge Number: 2016SF0366
Control Number: 16W0729.07
Complainant: WILLIAMS
Page 2 of 3

II.  A.  ISSUE/BASIS
        HARASSMENT ON JULY 20, 2015 BASED ON SEX, MALE.

    B.  PRIMA FACIE ALLEGATIONS
        1. My sex is male.
        2. On July 20, 2015, Don Flynn, Assistant Manager, harassed me when stated he would not work with a "he/she".
        3. The conduct created a hostile, intimidating, and offensive work environment that substantially interfered with my ability to perform the job.
        4. Similarly situated female employees were not harassed under similar circumstances.

III. A.  ISSUE/BASIS
        HARASSMENT ON AUGUST 9, 2015 BASED ON SEXUAL ORIENTATION, TRANSGENDER.

    B.  PRIMA FACIE ALLEGATIONS
        1. My sexual orientation is transgender.
        2. On July 24, 2015, I reported harassment by Sherman Hayes, Coworker, to Roger Chen, General Manager.
        3. On August 9, 2015, Sherman Hayes continued to harass me when he messaged me with threats, as well as referenced me being transgender and a "nigger".
        4. The conduct created a hostile, intimidating, and offensive work environment that substantially interfered with my ability to perform the job.
        5. Similarly situated non-transgender employees were not harassed under similar circumstances.

IV.  A.  ISSUE/BASIS
        HARASSMENT ON AUGUST 9, 2015 BASED ON SEX, MALE.

    B.  PRIMA FACIE ALLEGATIONS
        1. My sex is male.
        2. On July 24, 2015, I reported harassment by Sherman Hayes, Coworker, to Roger Chen, General Manager.
        3. On August 9, 2015, Sherman Hayes continued to harass me when he messaged me with threats, as well as referenced me being transgender and a "nigger".
        4. The conduct created a hostile, intimidating, and offensive work environment that substantially interfered with my ability to perform the job.
        5. Similarly situated female employees were not harassed under similar circumstances.

V.   A.  ISSUE/BASIS
        HARASSMENT ON AUGUST 9, 2015 BASED ON RACE, BLACK.

    B.  PRIMA FACIE ALLEGATIONS
        1. My race is black.

Charge Number: 2016SF0366
Control Number: 16W0729.07
Complainant:    WILLIAMS
Page 3 of 3

2. On July 24, 2015, I reported harassment by Sherman Hayes, Coworker, to Roger Chen, General Manager.
3. On August 9, 2015, Sherman Hayes continued to harass me when he messaged me with threats, as well as referenced me being transgender and a "nigger".
4. The conduct created a hostile, intimidating, and offensive work environment that substantially interfered with my ability to perform the job.
5. Similarly situated non-black employees were not harassed under similar circumstances.

VI.  A.  ISSUE/BASIS
REDUCTION IN HOURS IN AUGUST 2015 BASED ON SEXUAL ORIENTATION, TRANSGENDER.

B.  PRIMA FACIE ALLEGATIONS
1. My sexual orientation is transgender.
2. I performed the duties of Crew Member according to Respondent's expectations.
3. In August 2015, Roger Chen, General Manager, subjected me to a reduction in hours for the stated reason of rising food costs.
4. Similarly situated non-transgender employees were not subjected to a reduction in hours under similar circumstances.

VII.  A.  ISSUE/BASIS
REDUCTION IN HOURS IN AUGUST 2015 BASED ON SEX, MALE.

B.  PRIMA FACIE ALLEGATIONS
1. My sex is male.
2. I performed the duties of Crew Member according to Respondent's expectations.
3. In August 2015, Roger Chen, General Manager, subjected me to a reduction in hours for the stated reason of rising food costs.
4. Similarly situated female employees were not subjected to a reduction in hours under similar circumstances.

VIII.  A.  ISSUE/BASIS
REDUCTION IN HOURS IN AUGUST 2015 BASED ON RETALIATION.

B.  PRIMA FACIE ALLEGATIONS
1. I previously reported discrimination to Respondent.
2. I performed the duties of Crew Member according to Respondent's expectations.
3. In August 2015, Roger Chen, General Manager, subjected me to a reduction in hours for the stated reason of rising food costs.
4. The reduction in hours followed my participation in a protected activity within such a period of time as to raise an inference of retaliatory motivation.